[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the Connecticut Commission on Human Rights and Opportunities (Commission) from the decision of its hearing officer dated April 24, 1990 holding that the defendant, United Technologies Corporation, Pratt Whitney Division (Pratt Whitney), did not discriminate against Joanne Muir-Duncan (Duncan) on the basis of a physical disability in violation of General Stats. 46a-60(a)(1) when it terminated her employment on November 17, 1981 due to "prolonged absence and indefinite return to work."
This appeal was heard before the court on August 23, 1991, with the time for this decision to be rendered extended for various reasons.
On December 21, 1981 Duncan filed a complaint with the Commission charging that her employer, Pratt Whitney, had, in violation of the statute, terminated her employment on account of her physical disability, a chronic sprain of her cervical spine. After considering the complaint, as amended, a commission investigator found there was reasonable cause for believing a statutory violation had occurred. After a failure of conciliation, the complaint was certified to a public hearing in accordance with General Statutes 47a-84(2). Herbert R. Scott was appointed hearing officer, and he reached a decision on April 24, 1990, which is the subject of this appeal.
In its appeal the Commission claims that:
(1) the hearing officer failed to give appropriate weight to an arbitration decision which found that Pratt 
Whitney did not have just cause to terminate Duncan;
(2) the hearing officer's conclusion that United Technologies Corporation had a valid reason to terminate CT Page 7758 Duncan because of her failure to return to work was not supported by the evidence;
(3) the hearing officer failed to consider the discriminatory effect of Pratt Whitney's policy of laying off employees with disabilities before employees without disabilities; and
(4) the evidence shows that Duncan was terminated because of her physical disability and was the victim of discriminatory employment practice.
In a cross appeal United Technologies claims that an award of attorneys' fees to the Commission and Duncan's attorney was erroneous as a matter of law.
 I
The matter submitted for arbitration to Herbert E. Porter was in the nature of a grievance under the then current collective bargaining agreement to determine whether the termination of Duncan on November 17, 1981 for prolonged absence and indefinite return to work was for just cause.
In a decision dated December 7, 1982 the arbitrator found the termination of Duncan lacking in "just cause" under Article VIII of the Collective Bargaining Agreement.
Appellant does not claim that the hearing officer was "bound" by the findings of the arbitrator, but that he failed to give it "appropriate weight." We note that this claim was not specifically made in the appeal complaint.
The transcript of the arbitration hearing which took place on June 30, 1982 and the arbitrator's decision were both part of the record in the hearing before the hearing officer. The hearing officer heard direct testimony from all appropriate witnesses, and from the record it cannot be ascertained what weight, if any, he gave to the arbitrator's findings. Under 46a-8b the hearing officer must make a "finding of a discriminatory practice upon all the evidence presented at the hearing." Although the decision ordered claimant's reinstatement under certain conditions depending on what her physical restrictions were found to be, her claim for lost earnings from June 25, 1981 was denied.
The full decision of the arbitrator was made a full exhibit at the hearing of April 24, 1990. Considering the statutory basis of the appeal and the relief sought for in this appeal, we are not persuaded that the hearing officer CT Page 7759 failed to give the arbitrator's decision the "appropriate weight" required by General Statutes 46a-85. Nor do we find validity in the claim that the hearing officer's decision was adversely affected by failure to apply the doctrine of collateral estoppel based on the arbitration decision.
 II.
Appellant claims that the hearing officer's conclusion that United Technologies had a valid reason to terminate Duncan because of her failure to return to work was not supported by the evidence.
The operative portion of the decision is contained in the following paragraph:
 "Accordingly, I find that the Complainant did in fact establish a prima facie case of discrimination against the Respondent. However, her previous attendance history, her conduct while under the disability period and her failure to return to work in November as indicated by her doctor provided the Respondent with just cause to exercise a legitimate business practice and terminate her employment.
 Accordingly, no compensation shall be due the Complainant for time lost after April 20, 1982, to December 20, 1982, as claimed.
It is clear from the conclusion, as well as other statements in his decision, that the hearing officer placed great weight on the fact that Dr. Driscoll's report of October 12, 1981 indicated that Duncan was still under his care, that she needed more therapy and "another four (4) weeks out of work." The hearing officer concluded that United Technologies in the absence of a new report from the doctor extending that time (underscoring applied) had a right to rely to expect Duncan to report to work on November 12, 1981, and when she did not, her dismissal on November 17 was justified. No reference is made in the decision to a subsequent letter from Dr. Driscoll dated October 22 indicating that Duncan was unable to return to work until approximately November 19, 1981 which, of course, was two days later than the date of her dismissal.
It is true that the hearing officer in his holding also referred to Duncan's "previous attendance record" and "her conduct while under the disability period." He also states in his decision that United Technologies "has met CT Page 7760 the burden of showing that Complainant's dismissal was the result of a legitimate business practice" (Page 13). Nevertheless, the reason given by United Technologies for terminating Duncan was her "prolonged absence, indefinite return to work."
At the trial before this court, United Technologies conceded that the hearing officer had erred in not considering Dr. Driscoll's letter of October 22, 1981 but nevertheless argued that Duncan's termination was justified by United Technologies' need to get its work performed and that even at the end of the latter four-week period ending November 21, Duncan would not be able to perform her regular work which involved moderate lifting which she was no longer capable of performing. We do not find this argument persuasive.
Our search of the whole record fails to show that this claim was considered by the hearing officer except for oblique reference to the responsibility of United Technologies to make sure that parts inspectors in its plants are capable of meeting the "physical demands required to perform those duties" (page 9).
This appeal is brought under General Statutes 46a-94a
and 4-183; subsection (j) of 4-183 states:
 (j) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of the section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment.
CT Page 7761
We find that the hearing officer's decision was "clearly erroneous" in view of the reliable, probative and substantial evidence on the whole record, because after finding that "a prima facie case of discrimination against the respondent" had been established he failed to consider or give any weight to the letter of Dr. Driscoll dated October 22, 1981, when his decision indicated that such a letter would have been assigned great weight by him.
This appeal is sustained and this matter is remanded for reconsideration by a hearing officer, including a reconsideration of the costs awarded to the claimant.
Wagner, J.